[No. B270409. Second Dist., Div. Five. Dec. 21, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTER MYLES, Defendant and Appellant.

## Counsel

Pierpont M. Laidley for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

### TURNER, P. J.—

### I. INTRODUCTION

Following the denial of his evidence suppression motion (Pen. Code, § 1538.5), defendant, Arter Myles, pled no contest to two felonies. Defendant pled no contest to charges of cocaine possession while armed with a loaded operable semiautomatic handgun and having a concealed firearm in a vehicle. (Health & Saf. Code, § 11370.1, subd. (a); Pen. Code, § 25400, subd. (a)(1).) Imposition of sentence was suspended and defendant was placed on formal probation for three years. On appeal, defendant challenges the denial of his evidence suppression motion. We affirm the order denying defendant's evidence suppression motion. But, we modify the order granting probation with respect to assessments under Penal Code section 1465.8, subdivision (a)(1) and Government Code section 70373, subdivision (a)(1). In the published portion of this opinion, we hold no Health and Safety Code section 11372.5, subdivision (a) criminal laboratory analysis fee could be imposed.

## II. PROCEEDINGS IN THE TRIAL COURT*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISCUSSION

### A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. Laboratory Analysis Fee

■ The trial court orally imposed a $50 crime lab analysis fee. Presumably, the trial court was imposing a Health and Safety Code section 11372.5, subdivision (a) criminal laboratory analysis fee. Health and Safety Code section 11372.5, subdivision (a) states in part, "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368, 11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." The only offenses for which the criminal laboratory analysis fee may be imposed are those listed or enumerated in Health and Safety Code section 11372.5, subdivision (a). (See *People v. Vega* (2005) 130 Cal.App.4th 183, 193–194 [29 Cal.Rptr.3d 700]; *People v. Dorsey* (1999) 75 Cal.App.4th 729, 732 [89 Cal.Rptr.2d 498].) The only drug offense defendant pled no contest to was a violation of Health and Safety Code section 11370.1, subdivision (a). But possession of a controlled substance while armed with a firearm is not an enumerated crime listed in Health and Safety Code section 11372.5, subdivision (a). As a result, the trial court could not impose the $50 criminal laboratory analysis fee. This is a jurisdictional error which may be corrected for the first time on appeal. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 [119 Cal.Rptr.2d 922, 46 P.3d 388] [failure to impose penalty assessments on Health & Saf. Code, § 11372.5, subd. (a) drug fee is a jurisdictional error]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521 [77 Cal.Rptr.2d 492] [same].) We reverse the order imposing the criminal laboratory analysis fee.

## IV. DISPOSITION

The order under review is modified to include a $60 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and an $80 court operations

---

*See footnote, *ante*, page 1158.

assessment (Pen. Code, § 1465.8, subd. (a)(1)). The order imposing a Health and Safety Code section 11372.5, subdivision (a) laboratory analysis fee is reversed. All other orders are affirmed.

Baker, J., and Kumar, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.